Attorneys—Henry E. Beebe, for Lockland Co.; Powell Crosby, for Robinson, all of Cincinnati.

---

No. 604

GRIGGS-COOPER CO. v. U. S. PRINT & LITH. CO.

Hamilton Common Pleas

No. 181590

1181. TRADEMARK—1. Is infringed if distinctive word is used in connection with another word; not necessary that whole of trade mark be used.

2. Fact that others are infringing upon trade mark of one having right to same, does not protect a defendant against enforcement of such right.

DARBY, J.

The Griggs-Cooper Co. is a wholesale grocer with its principal place of business in St. Paul Minnesota; and the United States Printing & Lithographing Co. with its principal place of business in Norwood, Ohio, and engages in printing and lithographing labels to persons and corporations for use in their business.

The Griggs Co. in connection with its business adopted a trade mark, "Home Brand", and sold its goods under such name. It is claimed that the Printing Co. made labels using the word "Home" on a label sufficiently similar to plaintiff's brand to lead to confusion and mistake. An injunction is prayed for restraining the Printing Co. from printing and selling such labels for any kind of grocery commodities such as are being sold by plaintiff under its trade mark.

The Printing Co. denied that the labels were printed and sold with the knowledge that their use by its customers would result in confusion and mistake on part of the minds of the public, or that there would be any unfair competition by reason thereof. It appears that the labels printed by the Printing Co. used the word "Home" in combination with another word such as "Harvest Home", "Home Wood", etc. The Hamilton Common Pleas held:

1. In order to infringe a trade mark it is not necessary that the whole of the trade mark be used; but if the distinctive or arbitrarily selected word is used in combination with another word, this constitutes an infringement.

2. It is claimed that other persons in the United States have registered trade marks bearing the word "Home" and that the labels may have been printed for these persons having such registered trade marks.

3. If the plaintiff has the right to use the trade mark in question, the fact that some other persons have infringed upon its rights does not protect the Printing Co. in its infringement of the Griggs-Cooper Co. rights.

4. A question of importance, is one relating to the territorial limitations, if any, upon plaintiff's right to use its trade mark.

5. It has been held that where one whose market is limited and who claims infringement; another who innocently uses the same trade mark in a remote market is not guilty of infringement.

6. The equities of this case are with the Griggs-Cooper Co. and a perpetual injunction should be granted restraining the Printing Co. from printing and selling the labels referred to, which are an infringement on the former's trademark.

Decree accordingly.

Attorneys—Cobb, Howard & Bailey for Griggs-Cooper Co.; Muller Outcalt and W. F. Murray for Printing Co.; all of Cincinnati.